**Harold A. NELSON, Appellant,**

v.

**William P. CLEMENTS, et al., Appellees.**

**No. 3–90–276–CV.**

Court of Appeals of Texas,
Austin.

June 10, 1992.
Rehearing Overruled July 8, 1992.

Kerry McGrath, Texas Civil Rights Project, Austin, for appellant.

Dan Morales, Atty. Gen., Toni Hunter, Asst. Atty. Gen., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

Appellant Harold Nelson, professor of sociology at Pan American University, attended an international conference on health care in Managua, Nicaragua, for four consecutive years beginning in 1986. Nelson applied for state reimbursement of travel expenses pursuant to the Travel Regulations Act of 1959. Tex.Rev.Civ. Stat.Ann. art. 6823a (1960 & Supp.1992). Because foreign travel was involved, advance written approval by the governor was required for reimbursement. *Id.* § 5.[1]

In 1986, the governor's office approved reimbursement of Nelson's travel expenses. However, in 1987 the Director of Budget and Planning for newly-elected Governor William P. Clements denied Nelson's request because of "political circumstances in Nicaragua." Governor Clement's office also denied Nelson's 1988 and 1989 requests for reimbursement.

Nelson filed this suit alleging that the denial of reimbursement was due to his outspoken opposition to United States aid to the Nicaraguan Contras and therefore abridged his rights under the Texas Constitution to academic freedom and free speech, association and travel. *See* Tex.

---

**1.** "Sec. 5. Any travel connected with official business of the state for which reimbursement for travel expenses incurred is claimed or for which an advance for travel expenses to be incurred is sought, with the exception of travel to, in, and from the several states, United States possessions, Mexico, and Canada, must have the advance written approval of the Governor...." Tex.Rev.Civ.Stat.Ann. art. 6823a, § 5 (Supp. 1992).

Const. art. I, §§ 8, 27, 29. Additionally, Nelson alleged that this denial violated his rights under the Texas Constitution to equal protection and due course of law. *See Id.* §§ 3, 13, 19.

The jury returned a verdict for the defendants. The trial court rendered judgment on the jury's verdict. Nelson appeals, raising four points of error. His first three points complain of the manner in which the case was submitted to the jury. The fourth point complains that the trial court erred in failing to grant a new trial based on juror misconduct. Finding no error requiring reversal, we affirm the judgment of the trial court.

### THE JURY CHARGE

Nelson complains in points of error one through three of errors and omissions in the trial court's charge to the jury. The cause was submitted on three questions, the first of which asked:

When the Governor's Budget Director declined to approve reimbursement for travel expenses of Harold A. Nelson to visit Nicaragua, was a motivating factor in the decision Professor Nelson's political beliefs or expressions?

The jury answered "No." Because consideration of the remaining questions was contingent upon an affirmative answer, they were not answered.

In point one Nelson complains that the trial court erred by submitting an incorrect issue to the jury. Nelson timely objected at trial to the wording of question one on the ground that the correct inquiry should be whether the denial was based on the governor's political beliefs rather than whether it was based on Nelson's political beliefs or expressions. Nelson raises this same argument in support of his first point of error on appeal.

In addition, Nelson argues in support of his first point of error that the issue submitted by question one did not permit the jury to consider whether the denial infring-

ed upon Nelson's rights of association, travel, and academic freedom. We will not consider this second argument since Nelson did not raise this objection at trial. *See* Tex.R.Civ.P.Ann. 274 (Supp.1992) ("Any complaint as to a question . . . on account of any defect . . . is waived unless specifically included in the objections."); *see also* Tex.R.App.P.Ann. 52(a) (Pamph.1992).

 We conclude that the question is correct as submitted. A government benefit may not be denied to a person on a basis that infringes his constitutionally-protected interests. *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972).[2] To successfully attack such an impermissible denial, the litigant must establish that his conduct was constitutionally protected and that this conduct was a "substantial [or motivating] factor" in the decision to deny the benefit. *Mount Healthy City Sch. Dist. Board of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *see also Holley v. Seminole County Sch. Dist.,* 755 F.2d 1492, 1500 (11th Cir.1985); *Allaire v. Rogers,* 658 F.2d 1055, 1058 (5th Cir.1981), *cert. denied,* 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982). The burden then shifts to the government to demonstrate by a preponderance of the evidence that it would have reached the same decision even in the absence of the constitutionally-protected conduct. *Id.; Professional Ass'n of College Educators v. El Paso County Community College Dist.,* 730 F.2d 258 (5th Cir.), *cert. denied,* 469 U.S. 881, 105 S.Ct. 248, 83 L.Ed.2d 186 (1984).

To determine whether Nelson's conduct was a substantial or motivating factor in the governor's decision to deny him reimbursement for travel to Nicaragua, the proper focus is on Nelson's political beliefs or expression, not on those of the governor. Only this focus accomplishes the purpose of the doctrine—to protect citizens from being penalized for the exercise of their constitutional rights. *See Perry,* 408 U.S.

---

**2.** Although Nelson's claims are brought solely under the Texas Constitution, decisions interpreting the United States Constitution are instructive because the federal constitution has been held to establish a minimum standard below which the state constitutions may not fall. *See Whitworth v. Bynum,* 699 S.W.2d 194, 196 (Tex.1985).

at 597, 92 S.Ct. at 2697. Point of error one is therefore overruled.

### Equal Protection

Nelson's second point of error complains that the trial court erred in denying his requested jury question three relating to equal protection. *See* Tex.Const. art. 1, § 3. We disagree.

The equality of rights (equal protection) guarantee of article 1, section 3, of the Texas Constitution is designed to prevent any person or class of persons from being singled out as a subject of discriminatory or hostile legislation. *Burroughs v. Lyles,* 142 Tex. 704, 181 S.W.2d 570, 574 (1944). A statute violates the equal protection guarantee if it is either (1) discriminatory on its face or (2) administered in such a way that it discriminates against an individual or a suspect class to which the individual belongs. *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); *Colorado River W. Ry. v. Texas and New Orleans R.R. Co.,* 283 S.W.2d 768, 776–77 (Tex.Civ.App.1955, writ ref'd n.r.e.). Nelson's claim falls into this second category. He claims that the denial of reimbursement violated his right to equal protection under the Texas Constitution in that the Travel Reimbursement Act was applied unequally to him because of his political beliefs. Because the claim is one of unequal administration, Nelson must show intentional or purposeful discrimination. *Gamza v. Aguirre,* 619 F.2d 449, 453 (5th Cir.1980); *Powell v. Power,* 436 F.2d 84, 88 (2d Cir. 1970); *Clear Lake City Water Auth. v. Winograd,* 695 S.W.2d 632, 642 (Tex.App. 1985, writ ref'd n.r.e.); *Kresge Co. v. State,* 546 S.W.2d 928, 930 (Tex.Civ.App.1977, writ ref'd n.r.e.).

Nelson was entitled to submit a jury question on his equal protection claim only if the issue were raised by the pleadings and the evidence. Tex.R.Civ.P.Ann. 278 (Supp.1992). We conclude that it was not. Nelson presented no evidence that the defendants were aware of his political beliefs. Thus, the element of intentional or purposeful discrimination was not raised by the evidence and the trial court did not err in denying the proposed jury question.

Furthermore, even if the trial court did err in denying the proposed jury question, we believe the error would be harmless since the jury found in question one that Nelson's political beliefs were not a motivating factor in the denial of reimbursement. Harmless error is not grounds for reversal on appeal. Tex.R.App.P.Ann. 81(b)(1) (Pamph.1992); *First Employees Ins. Co. v. Skinner,* 646 S.W.2d 170, 172 (Tex.1983); *Lorusso v. Members Mut. Ins. Co.,* 603 S.W.2d 818, 821 (Tex.1980).

Moreover, we question whether Nelson preserved error on this point. In order to preserve error the party who has the burden of proof must tender a proposed jury question in substantially correct wording. Tex.R.Civ.P. 278 (Pamph.1992). Nelson submitted proposed jury question three which inquired:

> When the Governor's Budget Director declined to approve Professor Nelson's request for travel reimbursement, the Director did not treat Professor Nelson equally as he or she treated other similarly-situated professors who requested travel reimbursement.

Nelson's question is not in substantially correct form because it fails to inquire whether the budget director's conduct was intentional or purposeful.

For these reasons we overrule Nelson's second point of error.

### Due Process

In point of error three Nelson complains that the trial court erred in failing to submit a jury issue concerning denial of due course of law (due process). *See* Tex. Const. art. I, § 19. We overrule this point of error as well.

The trial court need not submit a due process question to the jury; a claim of deprivation of property without due process is always a question of law for the court's determination. *State ex rel. Pan Am. Prod. Co. v. Texas City,* 295 S.W.2d 697 (Tex.Civ.App.1956), *aff'd,* 157 Tex. 450,

303 S.W.2d 780 (1957), *appeal dism'd,* 355 U.S. 603, 78 S.Ct. 533, 2 L.Ed.2d 523 (1958).

■ More importantly, Nelson proved no vested property interest in reimbursement, the deprivation of which would give rise to protection by due course of law. Due course of law exists to prevent government from depriving persons of liberty and property without notice and hearing. *Weber v. City of Sachse,* 591 S.W.2d 563, 568 (Tex. Civ.App.1979, writ dism'd). Nelson does not argue on appeal that he was deprived of a liberty interest. Thus, to give rise to a due process claim, Nelson must first prove that he had a protected property right, as distinguished from a mere privilege or expectation. *House of Tobacco, Inc. v. Calvert,* 394 S.W.2d 654 (Tex.1965); *see also Creps v. Board of Firemen's Relief & Retirement Fund Trustees of Amarillo,* 456 S.W.2d 434 (Tex.Civ.App.1970, writ ref'd n.r.e.).

■ A person has a constitutionally protected property interest in a benefit only if the person has a legitimate claim to its entitlement. *Armstrong v. Harris County,* 669 S.W.2d 323, 327 (Tex.App.1983, writ ref'd n.r.e.). An entitlement must stand or fall on the application of rules to facts. "To the extent a request appeals to discretion rather than to rules, there is no property." *Scott v. Village of Kewaskum,* 786 F.2d 338, 339–40 (7th Cir.1986).

Nelson had no entitlement; the travel reimbursement he sought required advance approval of the governor's budget director for each trip, and approval was left to the discretion of the governor's office. At most, Nelson had an expectation that the approval for travel reimbursement he had received in 1986 would be repeated the next year. Such an expectation is not a constitutionally protected property interest giving rise to due process requirements. *See Scott,* 786 F.2d at 340 (no property interest where village board is authorized to grant liquor licenses "to such persons as they deem proper" without application of substantive criteria); *Creps,* 456 S.W.2d at 437 (no property interest where statutory right to refund of retirement fund contributions was contingent upon vote of fund partici-

pants). Once denied reimbursement, Nelson nevertheless continued to attend the conference.

Nelson's third point of error is overruled.

## JUROR MISCONDUCT

■ Nelson's fourth point of error complains that the trial court erred in failing to grant a new trial based on juror misconduct. The basis of this point is a juror's statement to other jurors during deliberations that Nelson was supported by the Texas Civil Liberties Union (TCLU) and that the TCLU "is taking the constitution apart piece by piece." A juror's affidavit relaying this information accompanied Nelson's motion for new trial. This affidavit is not proper grounds for new trial on the basis of juror misconduct:

> A juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Tex.R.Civ.P.Ann. 327(b) (Supp.1992). Under this rule a juror's affidavit regarding juror misconduct is proper only if it involves an "outside influence" brought to bear on a juror, i.e. "something other than influence of jurors on each other." *Anthony Pools, A Div. of Anthony Indus., Inc. v. Charles & David, Inc.,* 797 S.W.2d 666, 677 (Tex.App.1990, writ denied). The source of the information must be one outside the jury; information gathered by a juror and introduced to other jurors, even if the information was introduced specifically to prejudice the vote, does not constitute "outside influence." *Soliz v. Saenz,* 779 S.W.2d 929, 932 (Tex.App.1989, writ denied).

The decision to grant a new trial is within the trial court's discretion and will not be disturbed on appeal absent an abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). Nelson fails to demonstrate an abuse in this instance. Nelson's fourth point of error is overruled.

Because we find no error in the charge to the jury or in its consideration of the case, the jury's verdict must stand. We affirm the judgment of the trial court.