TEXAS A & M UNIVERSITY AT CORPUS CHRISTI, Texas, Appellant,

v.

Dottie HAMANN, Appellee.

No. 13–99–151–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 30, 1999.

**216**

Peter Breece Plotts, Office of Atty. Gen., John Cornyn, Atty. Gen., Andy Taylor, First Asst. Atty. Gen., Gregory S. Coleman, Sol. Gen., Linda Eads, Dept. Atty. Gen. for Litigation, Toni Hunter, Asst. Atty. Gen., Austin, for appellant.

J. Mitchell Clark, Harrell Z. Browning, Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

**OPINION**

SEERDEN, Chief Justice.

This is an accelerated appeal from the trial court's denial of appellant's motion to dismiss for lack of jurisdiction.[1] By two issues, appellant, Texas A & M University at Corpus Christi ("A & M"), alleges the trial court erred by denying the motion because appellee's claim was not brought within the statutory time period. We affirm.

Appellee, Dotti Hamann, alleges that she was employed by A & M as a Budget Monitor–Faculty Secretary between February and August 1994. In this position, Hamann was at least partially responsible for budgetary oversight within A & M's Nursing Division. During her tenure in this position, Hamann alleges that she became aware of inappropriate or unsubstantiated expenditures within the division. Her petition states that after confirming these allegedly unauthorized purchases, she reported the expenditures to appropriate authorities.

It is undisputed that sometime in July of 1994, Hamann was notified that she would be terminated. Her last day of employment was August 3, 1994. On or about August 12, 1994, Hamann claims she received a letter from A & M confirming her termination. According to her petition, subsequent to receiving this letter, Hamann discovered that she was terminated for reporting the unauthorized expenditures. Pursuant to the Texas Whistleblower Act,[2] she filed this suit on November 8, 1994.

 The dismissal of a case for lack of jurisdiction must be based *solely* on the pleadings. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex.1993); *Caspary v. Corpus Christi*

1. This is an interlocutory appeal, authorized pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 51.014(8) (Vernon 1998).

2. Tex. Gov't Code Ann. § 554.001 et seq. (Vernon 1994). The statute has been subsequently amended. However, those amendments have no effect on this suit because all personnel actions in question were taken in 1994. *See* Act of June 15, 1995, 74th Leg., R.S., ch. 722, § 11, 1995 Tex.Gen.Laws 3814–15.

*Downtown Management Dist.*, 942 S.W.2d 223, 225 (Tex.App.—Corpus Christi 1997, writ denied) (emphasis supplied). We accept all allegations in the plaintiff's petition as true. *Id.* The court's dismissal signifies that the allegations in the petition do not constitute a cause of action, and therefore, the court has no jurisdiction. *American Pawn & Jewelry, Inc. v. Kayal*, 923 S.W.2d 670, 672 (Tex.App.—Corpus Christi 1996, writ denied).

■ A & M asserted in its motion to dismiss for lack of jurisdiction that Hamann's claim was not filed within the statutorily-prescribed time limitation. The relevant statute provides:

> Except as provided by Section 554.006, a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter:
>
> (1) occurred; or
>
> (2) was discovered by the employee through reasonable diligence.

TEX. GOV'T CODE ANN. § 554.005 (Vernon 1994). According to A & M, Hamann was required to file her suit within ninety days of the date of her termination. Because Hamann's termination date was August 3, 1994, A & M asserts that, to be timely, her suit should have been filed no later than November 1, 1994. A & M relies on numerous cases which stand for the general proposition that, in employment discrimination cases, a plaintiff's cause of action accrues when she is given unequivocal notice of her termination or when a reasonable person would know of such termination. *See generally Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492–93 (Tex.1996); *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 929 (Tex.1996); *Davila v. Lockwood*, 933 S.W.2d 628, 629 (Tex.App.—Corpus Christi 1996, no pet. h.). None of these cases involve the Texas Whistleblower Act, which has its own limitations period.

■ When faced with questions of statutory construction, courts must attempt to ascertain the legislature's intent and interpret the statute in a manner that effectuates that intent. *Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382, 384 (Tex.1982). When a statute is clear and unambiguous, the court should determine legislative intent from the plain and common meaning of the words used in the statute. *St. Luke's Hosp. v. Agbor*, 952 S.W.2d 503, 505 . (Tex.1997). Here, the crucial word in the statute is "or." We understand "or" to designate the legislature's intent to provide two or more alternatives. By choosing to state the limitations in section 554.005 in the disjunctive, the clear intent of the legislature was to provide alternative methods for determining the limits on bringing a whistleblower action. In short, the legislature has provided claimants under the Whistleblower Act with a discovery rule which serves to toll limitations in certain circumstances. To sustain A & M's issues, we would have to ignore the clear and unambiguous language of the statute and intent of the legislature.

In a recent case, the San Antonio Court of Appeals agreed with this conclusion. *Villarreal v. Williams*, 971 S.W.2d 622, 626 (Tex.App.—San Antonio 1998, no pet. hist.). In *Villarreal*, the appellants were employed as police officers by the City of Falfurrias. *Id.* at 623. The City decided to terminate several police officers, ostensibly to offset budgetary shortfalls. *Id.* The appellants were selected for termination. *Id.* Each appellant was present at a July 11, 1995, City Council meeting, at which time the Council approved the discharge. *Id.* However, according to their deposition testimony, each believed they had been retaliated against for recent whistleblowing activities. *Id.* at 626. All were terminated on July 17, 1995. *Id.* at 623. On October 30, 1995, in light of the City's decision to purchase new police vehicles with the budgetary surplus created by the terminations, appellants filed suit

against the City. *Id.* The San Antonio court affirmed the trial court's grant of summary judgment. *Id.* at 626. The court held:

> appellants' causes of action for retaliatory discharge accrued on July 17, 1995 when appellants received unequivocal written notification of termination. Appellants' deposition testimony confirms that on July 11 they knew they had been terminated, and they subjectively believed the terminations were driven by a retaliatory motive for recent whistleblowing activities. Since appellants' suit was not brought within 90 days of July 17, it is time-barred.

*Id.* Importantly, the court noted that the *Villarreal* appellants had already discovered the reason for their discharge prior to the actual date of termination. Accordingly, pursuant to section 554.005, limitations ran from the date of termination which was the later of the two alternatives. *See also Harris County v. Going*, 896 S.W.2d 305 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (appellant wrote letter to commissioner's court indicating that he knew he was terminated for whistleblowing and accordingly had ninety days from the date of that letter in which to file suit). Contrary to A & M's assertions, *Villarreal* did not explicitly reject the discovery rule.

■ The relevant act for limitations purposes is the date upon which the plaintiff discovered, through reasonable diligence, that she was terminated for whistleblowing, if that discovery occurred after the actual date of termination. In this case, Hamann's pleadings allege that, at the time she was terminated, she did not know or suspect that her termination was based upon her whistleblowing. In fact, her petition states that "No explanations were given to Plaintiff concerning her termination." Instead, the petition states that Hamann did not discover that she had been terminated for whistleblowing until sometime after August 12, 1994. To the extent that *Villarreal* is applicable under these facts, it indicates that Hamann was

required to bring her suit within ninety days of discovering the reason for her termination because she was unaware of that reason prior to her termination. Her petition was filed within ninety days of August 12, 1994.

We hold that Hamann's pleadings indicate, as a matter of law, that her claim was brought within the statutorily-prescribed time limits. TEX. GOV'T CODE ANN. § 554.005(2) (Vernon 1994). Based on those pleadings, the trial court did not err in its refusal to grant A & M's motion to dismiss.

The judgment of the trial court is AFFIRMED.