ACCEPTED
13-15-00033-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/24/2015 11:19:03 PM
CECILE FOY GSANGER
CLERK

## No. 13-15-00033-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/24/2015 11:19:03 PM
CECILE FOY GSANGER
Clerk

In the Court of Appeals
For the Thirteenth Judicial District of Texas
Corpus Christi-Edinburg, Texas

Adan Perez, Jr.,
Appellant

v.

Weslaco Independent School District,
Appellee

On Appeal from Cause No. C-641-11-F
In The 332nd District Court of Hidalgo County, Texas
The Honorable Judge Mario Ramirez, Jr., Presiding

## Appellant's Reply Brief

**Hawash Meade Gaston
Neese & Cicack LLP**

Andrew K. Meade
Texas Bar No. 24032854
Samuel B. Haren
Texas Bar No. 24032854
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
sharen@hmgnc.com

**Attorneys for Appellant**

**Oral Argument Not Requested**

# Table of Contents

Table of Contents ......................................................................................................i

Index of Authorities ............................................................................................... ii

Argument................................................................................................................1

    I.   The trial court has jurisdiction over Perez's whistleblower claim ..................1

       A. Perez reported WISD's illegal acts before his termination ........................1

       B. Perez satisfied Whistleblower Act's grievance-initiation requirement.....................................................................................................3

          1.  The Whistleblower Act only requires initiation of the grievance process ......................................................................................................3

          2.  Perez participated in the grievance process despite WISD's intransigence..................................................................................................5

       C. The Whistleblower Act's statute of limitations is not jurisdictional .........7

    II. The trial court has jurisdiction over Perez's due process claims ....................8

       A. Perez did not receive notice and a fair hearing .........................................9

       B. Perez has a property interest in renewal of his contract..........................10

       C. Perez was not required to exhaust his remedies before bringing his due process claims .............................................................................................12

Conclusion ...........................................................................................................13

Certificate of Compliance ...................................................................................15

Certificate of Service ..........................................................................................16

# Index of Authorities

***Case***                                                                                ***Page(s)***

*Aguilar v. Socorro Indep. Sch. Dist.*,
296 S.W.3d 785 (Tex. App.—El Paso 2009, no pet.) ................................8–9

*Bates v. Tex. State Tech. Coll.*,
983 S.W.2d 821 (Tex. App.—Waco 1998, pet. denied) ..............................14

*Bd. of Regents of State Coll. v. Roth*,
408 U.S. 564 (1972)....................................................................................14

*Chance v. Elliot & Lillian, LLC*,
No. 08-13-00248-CV, 2015 WL 1570228 (Tex. App.—El Paso Apr.
8, 2015) .........................................................................................................6

*City of Corpus Christi v. Pub. Utility Com'n of Tex.*,
51 S.W.3d 231 (Tex. 2001) ........................................................................13

*Comb v. Benji's Special Educ. Acad., Inc.*,
745 F. Supp. 2d 755 (S.D. Tex. 2010)........................................................15

*Dallas Cnty. v. Hughes*,
189 S.W.3d 886 (Tex. App.—Dallas 2006, pet. denied) ........................11–12

*Fort Bend Indep. Sch. Dist. v. Gayle*,
371 S.W.3d 391 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)........8–9

*Friona Indep. Sch. Dist. v. King*,
15 S.W.3d 653 (Tex. App.—Amarillo 2000, no pet.)..................................16

*Gosney v. Sonora Indep. Sch. Dist.*,
603 F.2d 522 (5th Cir. 1979) ......................................................................15

*Govant v. Houston Cmty. Coll. Sys.*,
72 S.W.3d 69 (Tex. App.—Houston [14th Dist.] 2002, no pet.) .................14

*Gregg Cnty. v. Farrar*,
933 S.W.2d 769 (Tex. App.—Austin 1996, writ denied) ..............................8

*Leyva v. Crystal City*,
　　357 S.W.3d 93 (Tex. App.—San Antonio 2011, no pet.) ..............................9

*Martine v. Bd. of Regents, State Senior Tech. Coll. of Tex.*,
　　578 S.W.2d 465 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.) .................15

*Martinez v. Donna Indep. Sch. Dist.*,
　　No. 13-03-300-CV, 2004 WL 1852969 (Tex. App.—Corpus Christi-
　　Edinburg Aug. 19, 2004, pet. denied) .........................................................16

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
　　372 S.W.3d 629 (Tex. 2012) .........................................................................6

*Nelson v. Clements*,
　　831 S.W.2d 587 (Tex. App.—Austin 1992, writ denied) ........................14–15

*Olivarez v. La Villa Indep. Sch. Dist.*,
　　No. 13-04-345-CV, 2007 WL 925648 (Tex. App.—Corpus Christi-
　　Edinburg Mar. 29, 2007, no pet.) ................................................................16

*Rusk State Hosp. v. Black*,
　　392 S.W.3d 88 (Tex. 2012) .....................................................................12–13

*Sullivan v. Univ. Tex. Health Sci. Ctr. at Houston Dental Branch*,
　　No. 01-08-00327-CV, 2008 WL 5179023 (Tex. App.—Houston] Dec.
　　11, 2008, pet. denied) ...................................................................................15

*TEA v. Cypress-Fairbanks I.S.D.*,
　　830 S.W.2d 88 (Tex. 1992) .....................................................................16–17

*Tex. A&M Univ. at Corpus Christi v. Hamann*,
　　3 S.W.3d 215 (Tex. App.—Corpus Christi 1999, pet. denied) .....................11

*Tex. Dept. of Mental Health & Mental Retardation v. Olofsson*,
　　59 S.W.3d 831 (Tex. App.—Austin 2001, pet. dismissed)...........................11

*Univ. Tex. Med. Branch at Galveston v. Barrett*,
　　159 S.W.3d 631 (Tex. 2005) .....................................................................7–8

*W. Houston Charter Sch. Alliance v. Pickering*,
No. 01-10-00289, 2011 WL 3612288 (Tex. App.—Houston [1st Dist.]
2011, no pet.) ......................................................................................8


***Statute/Rule***                                                                      ***Page(s)***

Tex. Gov. Code § 554.006 ................................................................................7–8

iv

**Argument**

## I. The trial court has jurisdiction over Perez's whistleblower claim.

This case presents a straightforward application of the Texas Whistleblower Act: WISD's management illegally misappropriated funds, Perez notified the TEA, and WISD fired Perez in retaliation. WISD's brief does not change these simple facts or otherwise show that the trial court lacks jurisdiction.

### A. Perez reported WISD's illegal acts before his termination.

WISD is correct that Perez must show that he blew the whistle on WISD prior to his termination. Perez did exactly that. Perez's affidavit both unequivocally states that he made his initial report to the TEA "before [he] received his negative performance evaluation" from WISD. CR 256 at ¶ 9. This pre-evaluation report is all that is necessary to establish causation for jurisdictional purposes.

WISD argues that the Court should ignore Perez's petition and affidavit because it purportedly contradicts the following exchange from his deposition:

> Q:    Prior to February 5th, 2010, you did not report any illegal conduct to anybody, did you?
>
> Mr. Haren:   Objection to the form.
>
> A:    No.

CR 189:6–9. Because the question is worded negatively, it is somewhat difficult to parse. But a close reading shows that Perez denied that he had not yet blown the

1

whistle on WISD before February 5, 2010. As such, there is no contradiction between Perez's affidavit and his answer to WISD's deposition question.

But even if Perez's affidavit contradicts the double-negative in his deposition, WISD waived any objection thereto. WISD acknowledges that, if a plea to the jurisdiction involves the submission of evidence, the "review of the evidence generally mirrors the summary judgment standard." *See* WISD's Brief at 11. While this is something of an over-simplification, this statement is largely correct.[1]

In evaluating the grant or denial of a motion for summary judgment, a court of appeals must make its decision based on all of the admitted evidence in the summary judgment record. *See Chance v. Elliot & Lillian, LLC*, No. 08-13-00248-CV, 2015 WL 1570228, at *4 (Tex. App.—El Paso Apr. 8, 2015). Perez submitted his affidavit in his response to WISD's plea to the jurisdiction. *See* CR 255–54. WISD's response does not include any objection to the admission of Perez's affidavit.[2] *See* CR 416–26. Accordingly, Perez's unobjected-to statement that he

---

[1] The Texas Supreme Court has stated that a plea to the jurisdiction "must not involve a significant inquiry into the substance of the claims" at issue and that a court may decide "that the inquiry is reaching too far into the substance of the claims and should therefore await a fuller development of the merits. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

[2] Had WISD made such an objection, Perez would have been able to ask the trial court for leave to supplement his affidavit with an explanation for the alleged contradiction.

blew the whistle to the TEA before his performance evaluation is a part of the record and should be considered by the Court.

**B.    Perez    satisfied    Whistleblower    Act's    grievance-initiation requirement.**

WISD does not dispute that Perez (1) initiated the grievance process and (2) was not required to exhaust that process prior to filing his whistleblower claim. Instead, WISD argues that he did not "meaningfully participate in the administrative process." WISD's Brief at 16. This argument is both legally and factually wrong.

**1.    The Whistleblower Act only requires initiation of the grievance process.**

The Whistleblower Act only requires an employee to "initiate action under the grievance or appeal procedures" of his employer. Tex. Gov. Code § 554.006(a). As stated in the *University of Texas Medical Branch* case cited by WISD:

> Section 554.006 does not require that grievance or appeal procedures be exhausted before suit can be filed; rather, it requires that such procedures be timely initiated and that the grievance or appeal authority have 60 days in which to render a final decision.

*Univ. Tex. Med. Branch at Galveston v. Barrett*, 159 S.W.3d 631, 632 (Tex. 2005).

Accordingly, the First Court of Appeals refused in *Fort Bend* to impose any non-textual participation requirement:

> While the Legislature may have envisioned not merely sixty-days' notice but also sixty-days' participation in the administrative process, **the statute requires only "initiat[ion]," and we are bound by that**

> **language**. A court should interpret a statute by reference to its language alone when the court can do so. **The meaning of "initiate" is plain: it means to commence the process.**
>
> Second, engrafting a requirement of meaningful participation into the initiation requirement is contrary to the history of the words used in the statute itself. Not only did the legislature use the word initiate, it replaced the word exhaust and even changed the title of section 554.006 from "Exhaustion of Grievance or Appeal Procedures" to "Use of Grievance or Appeal Procedures."

*Fort Bend Indep. Sch. Dist. v. Gayle*, 371 S.W.3d 391, 397–98 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (emphasis added) (alteration in original). The court further recognized that, "[o]nce a grievance is s initiated, the governmental unit has notice of the claim so it can begin its own investigation of the claim" regardless of the participation by the claimant. *Id.* at 397 n.2.

None of the cases cited in WISD's brief impose the meaningful participation requirement advocated by WISD. In fact, most merely state that an employee must properly initiate a grievance procedure in accordance with the employer's procedures. *See, e.g.*, *W. Houston Charter Sch. Alliance v. Pickering*, No. 01-10-00289, 2011 WL 3612288, at *8 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (employee failed to properly initiate grievance in accordance with employer's procedures); *Gregg Cnty. v. Farrar*, 933 S.W.2d 769, 776–77 (Tex. App.—Austin 1996, writ denied) (employee failed to initiate grievance proceeding at all).

*Aguilar* is the only case cited by WISD which requires anything more than proper initiation of the grievance process. *See Aguilar v. Socorro Indep. Sch. Dist.*,

4

296 S.W.3d 785, 789–90 (Tex. App.—El Paso 2009, no pet.). But even that case did not require "meaningful participation." In *Aguilar*, the employee "did not fully cooperate with the arbitrator's" requests during an arbitration proceeding. *Id.* at 789–90. The employee's attorney even "admitted that the grievance was filed simply to comply with the administrative procedures and that the proper forum would be a court of law." *Id.* at 790. The court ultimately held an employee does not comply with the initiation requirement of the Whistleblower Act when he "refuse[s] to participation in the grievance hearing . . . ." *Id.*

Although *Aguilar* does not impose a meaningful participation requirement, it does impose an extra-statutory duty beyond mere initiation. This imposition contradicts the basic rule that "the purpose of the [Whistleblower] Act is remedial, and it should be liberally construed in favor of jurisdiction." *Leyva v. Crystal City*, 357 S.W.3d 93, 100 (Tex. App.—San Antonio 2011, no pet.). Accordingly, Perez urges the Court to adopt the textual approach of *Fort Bend* instead of the more restrictive *Aguilar*.

### 2. Perez participated in the grievance process despite WISD's intransigence.

Perez can meet his jurisdictional burden regardless of whether the Court choses to impose (1) the initiation requirement of the Whistleblower Act and *Fort Bend*, (2) the cooperation requirement of *Aguilar*, or (3) the meaningful participation requirement suggested by WISD.

5

WISD alleges that Perez "delayed any Level One meeting with the school, dragging out the process until he could file suit." WISD's Brief at 18. In support, WISD cites to (1) an affidavit by a WISD administrator stating that the initial grievance hearing was delayed because of "various scheduling issues and the parties['] numerous attempts to resolve the matter informally," (2) a series of letters and emails discussing those scheduling issues and settlement attempts, and (3) an allegation from WISD's plea to the jurisdiction which does not cite to any exhibit or authority. *See id.* (citing CR 140–41, 298–339, 420). Simply put, WISD has not cited to any fact in the record showing that Perez either refused to cooperate or failed to participate in the grievance procedures.

By contrast, Perez has alleged that, after he commenced the grievance process, "WISD ignored [the grievance] procedures and refused to grant Perez a hearing." CR 412 at ¶ 18. Once the hearing was finally held, Perez did not participate because he had been led to believe that the meeting was a mere settlement conference and not the actual hearing. *See* CR 83 at ¶ 9. WISD asks the Court to ignore these uncontradicted allegations and instead infer that the "scheduling issues" and "attempts to resolve the matter informally" were somehow nefarious and did not constitute meaningful participation. Such an inference in favor of the party seeking to avoid jurisdiction is not permitted in resolving a plea to the jurisdiction, and Perez respectfully asks the Court to refuse to do so. *See Tex.*

6

*A&M Univ. at Corpus Christi v. Hamann*, 3 S.W.3d 215, 216–17 (Tex. App.—Corpus Christi 1999, pet. denied) ("The dismissal of a case for lack of jurisdiction must be based *solely* on the pleadings. We accept all allegations in the plaintiff's petition as true.") (emphasis in original).

Finally, WISD's plea to the jurisdiction alleged only that Perez was required to fully-exhaust his administrative remedies. *See* CR 127–32, 420. WISD did not make its meaningful participation argument until its opening brief. Because the exhaustion argument fails as a matter of law, Perez did not need to present evidence to the trial court of the extent of his participation. If necessary, Perez would be happy to do so in the future. *See infra* § II (explaining the burden of proof for arguments raised for the first time on appeal).

### C. The Whistleblower Act's statute of limitations is not jurisdictional.

WISD further alleges that Perez's grievance was untimely. But as stated in Perez's opening brief, this issue is not relevant to a plea to the jurisdiction. Failure to comply with the ninety day deadline "gives rise to the affirmative defense of limitations, but it is not grounds for a plea to the jurisdiction." *Tex. Dept. of Mental Health & Mental Retardation v. Olofsson*, 59 S.W.3d 831, 832–33 (Tex. App.—Austin 2001, pet. dismissed). *See also Dallas Cnty. v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied) ("Because limitations is a defensive issue, not a jurisdictional issue, the trial court correctly denied Dallas County's

7

assertion of the limitations bar through a plea to the jurisdiction."). WISD cannot use a plea to the jurisdiction as a motion for summary judgment on an unpled affirmative defense. *See* CR 24–26.

## II.     The trial court has jurisdiction over Perez's due process claims.

WISD challenges Perez's due process claim for the first in its response brief. Accordingly, Perez has not had the opportunity to (1) assemble evidence and affidavits to support his claim or (2) amend his pleading to remedy any defects alleged by WISD. Perez will address WISD's challenge given the current state of the record.

WISD is correct that subject matter jurisdiction may be raised for the first time in an interlocutory appeal. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). Such challenges are, however, held to a higher standard than those raised in a trial court:

> [I]f the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then in order to obtain dismissal of the plaintiff's claim, the defendant entity has the burden to show either that the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings; or, if such opportunity was not given, that the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded.

*Id.*

WISD's allegation that "Perez must prove" "his prima facie due process claim" inverts this standard. *See* WISD's Brief at 20. WISD "has the burden"

8

prove the lack of subject matter jurisdiction. *See Rusk State Hosp.*, 392 S.W.3d at 96. It has failed to do so.

## A.    Perez did not receive notice and a fair hearing.

WISD complains that "Perez did not plead that he did not receive notice or did not receive a hearing." WISD's Brief at 21. As discussed above, failure to plead an allegation will not support a challenge to subject matter jurisdiction which has been raised for the first time on appeal.

Even the current record shows that Perez did not receive sufficient notice and opportunity to be heard:

> [WISD's] administrative procedures required that they give Perez a hearing on his Level 1 Complaint by July 30, 10 . . . . [WISD] waited over 130 days before finally holding a "hearing" on December 1, 2010, which Perez did not even attend because he believed the scheduled meeting was a settlement conference and not the long-overdue Level 1 Complaint hearing.

CR 83 at ¶ 9. Moreover, Perez was not merely entitled to a hearing; he was entitled to "a full and fair hearing on disputed fact issues." *City of Corpus Christi v. Pub. Utility Com'n of Tex.*, 51 S.W.3d 231, 262 (Tex. 2001). And had WISD raised its challenge with the trial court, Perez would have been able to offer even more pleadings and evidence showing why his hearing was insufficient and unfair.

Ultimately, neither party has briefed nor discussed the issue of whether Perez received *adequate* notice and a *fair* hearing. Accordingly, this issue should be resolved in the trial court and not in this appeal.

**B.    Perez has a property interest in renewal of his contract.[3]**

WISD broadly asserts that "[a] contract of definite term that expressly states the employment was only for the length of the contract does not create a reasonable expectation of renewal." WISD's Brief at 22. In the abstract, this is correct: a contract with a definite length will not, standing alone, create a property interest. Similarly, a contract with a definite length will not, standing alone, *preclude* a property interest.

The cases cited by WISD do not hold otherwise. *Bates* was decided on the statute of limitations, and the plaintiff admitted that he did not expect continued employment based on his contract. *See Bates v. Tex. State Tech. Coll.*, 983 S.W.2d 821, 830 (Tex. App.—Waco 1998, pet. denied). The plaintiff in *Govant* did not have a property interest in continued employment because his contract stated that he "shall have no expectation of continued employment or property interest in his employment . . . ." *Govant v. Houston Cmty. Coll. Sys.*, 72 S.W.3d 69, 76 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (internal modification omitted). The plaintiff in *Nelson* lost because he claimed that a single payment by his employer

---

[3] Perez also claimed that WISD's fraudulent performance review destroyed his reputation and deprived him of "his liberty interest in serving as a risk manager for another school/governmental body . . . ." CR 413 at ¶ 25. WISD has not argued that this liberty interest is not constitutionally-protected. If made, however, such an argument would have failed. *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 574 (1972) ("Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.").

10

created a property right in future payments. *Nelson v. Clements*, 831 S.W.2d 587, 591 (Tex. App.—Austin 1992, writ denied). Finally, the defendant in *Sullivan* "merely declined to offer" a renewal; there was no discussion of any other factors which could have created an interest. *Sullivan v. Univ. Tex. Health Sci. Ctr. at Houston Dental Branch*, No. 01-08-00327-CV, 2008 WL 5179023, at *4 (Tex. App.—Houston] Dec. 11, 2008, pet. denied).

A property right can exist when there are factors beyond the mere non-renewal of a contract. For example, a "de facto system of tenure" can create "an expectancy continued employment." *Martine v. Bd. of Regents, State Senior Tech. Colls. of Tex.*, 578 S.W.2d 465, 470 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.). Similarly, an administrator's non-binding statement that a contract would be renewed can "trigger[] due process protection" for an expectation of renewal. *Gosney v. Sonora Indep. Sch. Dist.*, 603 F.2d 522, 525 (5th Cir. 1979). Even a "mutual understanding" that an employee will not be terminated can create an property right in continued employment. *Comb v. Benji's Special Educ. Acad., Inc.*, 745 F. Supp. 2d 755, 763 (S.D. Tex. 2010).

Perez's right to renewal is based on far more than the mere non-renewal of his contract. He alleges a "longstanding unwritten policy by WISD of automatically renewing contracts of its non-teacher employees every[y] year, barring cause, misconduct, or budgetary constraints." CR 257. This tacit policy

11

became express when WISD "represented to [him] that it would follow this policy with [him]." *Id.* Together, these allegations are more than sufficient to create a fact issue regarding whether Perez had a reasonable and protected interest in continued employment.

## C. Perez was not required to exhaust his remedies before bringing his due process claims.

WISD finally argues that Perez was required to exhaust his administrative remedies before bringing his constitutional claims. WISD acknowledges that different courts of appeals have come to different conclusions on this issue. Ultimately, however, the split of authority is irrelevant.

Both the Texas Supreme Court and this Court agree that "an exception to the requirement of pursuing administrative relief is found where the claims are for a violation of constitutional or federal statutory rights." *Olivarez v. La Villa Indep. Sch. Dist.*, No. 13-04-345-CV, 2007 WL 925648, at *2 (Tex. App.—Corpus Christi-Edinburg Mar. 29, 2007, no pet.) *See also Martinez v. Donna Indep. Sch. Dist.*, No. 13-03-300-CV, 2004 WL 1852969, at *1 (Tex. App.—Corpus Christi-Edinburg Aug. 19, 2004, pet. denied) (same); *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 659 (Tex. App.—Amarillo 2000, no pet.) (because federal and state constitutional rights "do not arise under Titles 1 and 2 of the Education Code," exhaustion was not required)

In *Texas Education Agency*, for example, several school employees from claims under the Texas and United States Constitutions. *TEA v. Cypress-Fairbanks I.S.D.*, 830 S.W.2d 88, 89 (Tex. 1992). The Texas Supreme Court stated (albeit in dicta) that the "constitutional claims are not affected by the doctrine of exhaustion of administrative remedies such that they must be originally considered by the [reviewing agency]. Because of the nature of such claims, prior resort to the administrative process is not usually required." *Id.* at 91 n.3.

Thus, under the rules announced by the Texas Supreme Court and this Court, Perez was not required to exhaust his remedies, and WISD's argument fails accordingly.

## Conclusion

Perez satisfied the requirements of the Whistleblower Act by reporting illegal activity prior to his performance review and by initiating the grievance procedure. Perez alleges that he did not receive notice and a fair hearing, and he can provide additional facts and allegations in the trial court if necessary. Perez has a property interest in continued employment due to (1) WISD's longstanding pattern and practice of automatic renewals and (2) WISD's representations to Perez that it would follow that practice with him. Finally, controlling precedent states that Perez was not required to exhaust his administrative remedies before bringing

his due process claims. Perez prays that the Court reverse the trial court's order and remand the case for further proceedings.

Respectfully submitted,

**Hawash Meade Gaston Neese & Cicack LLP**

*/s/ Samuel B. Haren*
Andrew K. Meade
Texas Bar No. 24032854
Samuel B. Haren
Texas Bar No. 24032854
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
sharen@hmgnc.com

**Attorneys for Appellant, Adan Perez, Jr.**

**Certificate of Compliance**

This brief complies with the length limitations of Texas Rule of Appellate Procedure 9.4(*i*)(2)(B) because it contains 3,235 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(*i*)(1).

*/s/ Samuel B. Haren*
Samuel B. Haren

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on

the following via electronic service on June 24, 2015:

Stacy Tuer Castillo
Texas Bar No. 00796322
D. Craig Wood
Texas Bar No. 2188870
Miguel A. Saldaña
Texas Bar No. 17429450
Walsh, Anderson, Gallegos, Treviño, Russo & Kyle, P.C.
100 NE Loop 410, #900
San Antonio, Texas 78216
210-979-6633 (phone)
210-979-7024 (fax)
scastillo@wabsa.com
cwood@wabsa.com
msaldana@wabsa.com

*/s/ Samuel B. Haren*
Samuel B. Haren

16