Affirmed and Opinion filed July 3, 2002














Affirmed and Opinion filed July 3, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00240-CV

____________

 

IVO NABELEK, Appellant

 

V.

 

C.O. BRADFORD and CITY OF HOUSTON, Appellees

 



 

On Appeal from the
129th District Court

Harris
County, Texas

Trial Court Cause
No. 1999-38380

 



 

O P I N I
O N








This appeal
arises from a dispute over the failure to return property seized, but not used,
as evidence in a criminal prosecution. 
Appellant, Ivo Nabelek (“Nabelek”), sued the City of Houston (the “City”), Houston Police Chief
Clarence O. Bradford (“Bradford”), and various other parties claiming damages
for personal injury, conversion, and violations of his constitutional
rights.  The trial court rendered summary
judgment in favor of the City.  In
numerous points of error, Nabelek contends the trial court erred in: (1)
denying his motion for summary judgment; (2) granting summary judgment in favor
of the City where genuine issues of material fact existed and its motion
therefor was untimely filed; (3) denying his motion to compel response to
discovery; (4) depriving him of sufficient and complete discovery; and (5)
disposing of all claims where summary judgment was purportedly granted only for
one defendant on limited claims.  We
affirm.

Factual
and Procedural Background

On
February 17, 1993, Nabelek was arrested and charged with aggravated sexual
assault of a child and possession of child pornography.  At that time, various items of his property
were seized pursuant to a valid warrant. 
Nabelek later pled guilty, and, on April 12, 1994, a trial was held
to determine punishment.  Some, but not
all, of the items seized were used against Nabelek at that trial.  We are here concerned with some of those
items that went unused.[1]

It was
not until January 10, 1997, that Nabelek inquired as to the whereabouts of his
property.  On March 5, 1997, the Houston
Police Department (“HPD”) erroneously informed Nabelek that it had possession
only of a teddy bear, and that his camera (and, apparently, its accompanying
accessories) had been Amarked and sent to city inventory.@ 
Nabelek then filed suit against the City on June 4, 1998, for the return
of these particular items.








The
remainder of the unused items were destroyed by the City in 1998.  On July 26, 1999, Nabelek, representing
himself, filed the instant suit against the City and Bradford,[2]
seeking recovery for personal injury, conversion and violations of his
constitutional rights.  Thereafter, on
September 10, 1999, Nabelek moved to consolidate this suit with that aforementioned,
on the basis that “[b]oth cases arise out of one
incident involving the same parties,” and that he had limited his original suit
to the camera and teddy bear “only based on previous information received from
the [City] and [the] Houston Police Department.”  No ruling was made on this motion.

On July
24, 2000, Nabelek moved for summary judgment on the issue of liability.  The City responded and itself moved for
summary judgment on the basis of governmental immunity and the expiration of
the statute of limitations.  In a brief
handwritten order, the trial court granted the City=s motion for summary judgment,
without specifying the grounds therefor, denied Nabelek=s motion for summary judgment, and
denied all other relief on January 16, 2001. 
This appeal ensued.

Standard
of Review








The
standard we follow in reviewing a summary judgment is well-established.  The movant for summary judgment has the
burden to show that no genuine issue of material fact exists and that he is
entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548B49 (Tex. 1985).  When
deciding whether there is a disputed material fact issue precluding summary
judgment, we treat proof favorable to the non-movant as true and we resolve any
doubts in its favor.  Nixon, 690
S.W.2d at 548B49; Montgomery v. Kennedy, 669
S.W.2d 309, 311 (Tex. 1984).  A
defendant, as movant, is entitled to summary judgment if it either disproves at
least one essential element of each of the plaintiff=s causes of action or establishes all
the elements of an affirmative defense.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  When the trial court grants one party=s motion for summary judgment and
denies the other, we review both motions and if we find the trial court erred,
we will reverse and render the judgment the trial court should have
rendered.  Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); Holmstrom,
26 S.W.3d at 530.

A Final
Order

The summary judgment upon which the
trial court inscribed its order was brought in the name of the City alone;
Bradford, the sole remaining co-defendant, was not named therein.   Moreover, the trial court=s order did not expressly dispose of
Nabelek=s claims against Bradford.  The order stated, in pertinent part:

Plaintiff=s motion
for summary judgment is denied. 
Defendants= motion for summary judgment is granted.  This is a final order.  All relief not granted is denied.

 

Nabelek now asserts that
this judgment was not final for purposes of appeal, and remand is therefore
required “for further proceedings to address the remaining claims and parties
upon submission of new motions.”  We
disagree.

The
order expressly notes that it is “final” judgment, and it apostrophized “Defendants=.”  It can thus only be concluded that the trial
court considered the arguments raised in the City=s motion for summary judgment to
dispose also of all claims against Bradford.  This
conclusion is buttressed by reference to the record.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001) (“The
record may help illumine whether an order is made final by its own language, so
that an order that all parties appear to have treated as final may be final
despite some vagueness in the order itself . . .”).  Nabelek sought recovery against Bradford only
in his capacity as police chief, and only for the failure of HPD to return his
property.  Consequently, the City=s summary judgment assertions of
governmental immunity and expiration of the statute of limitations were, as the
trial court undoubtedly recognized, equally applicable to Bradford.  Thus, we conclude the trial court=s order rendered a final and appealable
judgment.








Limitations and the Disposition of
Unclaimed Property

As aforementioned, on July 26, 1999, Nabelek filed the
instant suit seeking recovery for personal injury, conversion, and violations
of his constitutional rights.[3]
 The statute of limitations for all these
claims is two years.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a) (Vernon Supp. 2002) (“[A]
person must bring suit for . . . conversion of personal property, taking or
detaining the personal property of another, [and] personal injury . . . not
later than two years after the day the cause of action accrues”); Rotella v. Pederson, 144 F.3d 892, 897 (5th
Cir. 1998) (stating that, as there is no federal statute of limitations for
civil rights actions brought pursuant to 42 U.S.C. ' 1983, courts construing that section
A>borrow= the forum state=s general personal injury limitations
period@). 
At issue is the date from which this period began to run.  Nabelek avers his claims accrued, at the
earliest, with the destruction of the items in 1998; Bradford and the City
contend the limitations period commenced on April 12, 1994, with the conclusion
of the criminal trial, or on March 5, 1997, “the date on which . . . [HPD] exercised
acts of dominion inconsistent with . . . Nabelek=s claims.”








The
primary purpose of statutes of limitations is to compel the exercise of a right
of action within a reasonable time so that the opposing party has a fair opportunity
to defend while witnesses are available and the evidence is fresh in their
minds.  Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734B35 (Tex. 2001); S.V. v. R.V., 933
S.W.2d 1, 3 (Tex. 1996); Willis v. Maverick, 760 S.W.2d 642, 644
(Tex. 1988).  Generally a cause of action accrues when a
wrongful act causes a legal injury, even if the fact of injury is not
discovered until later, and even if all resulting damages have not yet
occurred.  S.V., 933 S.W.2d at 3 (Tex. 1996); see also Li v. Univ. of Texas Health Sci.
 Ctr. at Houston, 984 S.W.2d 647, 651 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  For claims relating to the
conversion of personal property where the original possession of the property
was not wrongful, however, the cause of action does not accrue until the
property has been demanded and such demand is refused, or until the party in
possession has unequivocally exercised acts of dominion inconsistent with the
claims of the owner.  Pierson v. GFH
Fin. Services Corp., 829 S.W.2d 311, 314 (Tex. App.CAustin 1992, no writ).

The provision of the Texas Code of
Criminal Procedure governing disposition of abandoned or unclaimed property
provides, in pertinent part: 

(a)       All unclaimed or abandoned personal
property of every kind . . . seized by any peace officer in the State of Texas
which is not held as evidence to be used in any pending case and has not been
ordered destroyed or returned to the person entitled to possession of the same
by a magistrate, which shall remain unclaimed for a period of 30 days shall be
delivered for disposition to a person designated by the municipality or the
purchasing agent of the county in which the property was seized.  If a peace officer of a municipality seizes
the property, the peace officer shall deliver the property to the purchasing
agent of the county.  If the county has
no purchasing agent, then such property shall be disposed of by the sheriff of
the county.

 

(b)       The
county purchasing agent, the person designated by the municipality, or the
sheriff of the county, as the case may be, shall mail a notice to the last
known address of the owner of such property by certified mail.  Such notice shall describe the property being
held, give the name and address of the officer holding such property, and shall
state that if the owner does not claim such property within 90 days from the
date of the notice such property will be disposed of and the proceeds, after
deducting the reasonable expense of keeping such property and the costs of
disposition, placed in the treasury of the municipality or county giving the
notice.

 








Tex.
Code Crim. Proc. Ann.
art. 18.17 (Vernon Supp. 2002). 
Thus, when Nabelek neglected to claim the items at issue within thirty
days following his conviction on April 12, 1994, HPD was required to deliver
them, within a reasonable time, to the proper party for disposition.  See Govant v.
Houston Cmty. Coll. Sys., 72 S.W.3d 69, 73 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(noting that where a statute does not provide a time within which a peace
officer shall accomplish a task, a reasonable time must be allowed).

HPD,
however, indisputably failed to comply with the requirements of article
18.17.  As a consequence, the department=s possession became wrongful
following a reasonable time for delivery subsequent to May 12, 1994.  Nabelek=s claims for personal injury and
violations of his constitutional rights thus accrued as of that date, and
expired two years= thereafter, in 1996. 
Nabelek, however, did not file suit until July 26, 1999.  Moreover, HPD acted inconsistently with
Nabelek=s ownership of the items at issue
when the department either initially failed to satisfy article 18.17, or, on
May 5, 1997, informed Nabelek by letter that HPD could not return his property
upon request.  The statute of limitations
for conversion, therefore, expired some two years subsequent to May 1994 or May
1997.  We need not determine which date
is applicable, as suit was filed outside the limitations period in either
case.  Accordingly, Nabelek=s claims are barred by limitations.








Finally,
we note that the discovery rule does not apply. 
The discovery rule is Aa very limited exception to statutes of limitations,@ available only when the nature of
the plaintiff=s injury is both inherently
undiscoverable and objectively verifiable. 
Computer Assocs. Int=l, Inc. v. Altai, Inc., 918 S.W.2d 453, 455 (Tex. 1996).  When the discovery rule applies, it operates
to delay accrual of the cause of action, and thus commencement of the running of
the statute of limitations, until a time when the plaintiff knows, or by
exercising reasonable diligence, should have known of the facts giving rise to
the claim.  Wagner & Brown, Ltd.
v. Horwood, 58 S.W.3d 732, 734 (Tex. 2001).  AAn injury is inherently
undiscoverable if it is, by its nature, unlikely to be discovered within the
prescribed limitations period despite due diligence.@ 
Id. 734B35 (citing S.V., 933 S.W.2d at
7).  The question of whether an injury is
Ainherently undiscoverable@ is not whether the particular
plaintiff was able to discover the injury at issue in the particular case
within the statutory period, but rather is whether the injury is the type of
injury that by its very nature falls into the category of being inherently
undiscoverable.  Id. at 735.

Here,
however, Nabelek=s injury was, with the exercise of reasonable diligence on
his part, discoverable.  The precise
injury at issue was the failure of HPD to remit the unclaimed items of property
at issue to the relevant official for disposition under article 18.17 within a
reasonable time after the thirtieth day following Nabelek=s trial.  While it is perhaps probable that a
reasonably diligent person whose property had been seized would not know of his
injury as of that date, we cannot say that he would continue to remain unaware
of that failure for a period of two years thereafter.  Nabelek undoubtedly knew both that the items
at issue were not in his possession within that period, and that there were a
limited number of entities which could have custody of them.  We cannot, therefore, say that any injury
occurring through the failure of a peace officer to satisfy article 18.17 is
inherently undiscoverable.  The discovery
rule thus does not apply.

Because
we conclude Nabelek=s claims are barred by limitations, we need not consider his
remaining arguments.  The judgment of the
trial court is affirmed.

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

Judgment rendered and Opinion filed
July 3, 2002.

Panel consists of Justices Anderson, Hudson,
and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Unfortunately,
the briefs presented to this Court are imprecise as to the particular items at
issue.  Nonetheless, we determine that Nabelek
seeks return of the following: 389 photographs; two address books; an
international driver=s license; a money purse; a roll of 8mm film; a check
book register; a book entitled AVirgins@; six
videotapes; a magazine entitled AThe
Naked Guy: A New Micro Culture@; an envelope containing photographic negatives; eight
file folders; six 35mm slides; an attaché case; a teddy bear; and all other
items not used at trial.  We note,
however, that the record does not make mention of a second stuffed animal, and thus
the teddy bear may be the subject of a separate suit filed June 4, 1998.





[2]  Harris County
District Clerk Charles Bacarisse and Judge Debbie Mantooth Stricklin were
later  named as defendants, but were
subsequently dismissed upon Nabelek=s
motion.  In addition, Nabelek moved for
leave, after the deadline to add new parties had expired, to file a Third
Amended Petition naming as a defendant the police officer who originally seized
his property.  Such leave was never
granted, however, and the officer was never served.  In addition, Nabelek avers HPD was named as a
defendant, but his Second Amended Petition omits their mention.  Accordingly, none of the foregoing are party
to this appeal.





[3]  Nabelek
describes his causes of action against Bradford and the City as follows:

Defendants,
pursuant to Texas Tort claims [sic] chapter 101.001 et seq. and 104,
[Texas Civil Practice and Remedies Code]; Texas Theft Liability Act, Chapter
134, [Texas Civil Practice and Remedies Code]; and 42 USC ' 1983, are liable for personal injuries, damages,
destruction and or deprivation of property and theft, violation of
constitutional rights, and etc., sustained by Plaintiff.