Affirmed; Opinion of July 3, 2002, Withdrawn; Corrected Opinion filed
August 22, 2002









Affirmed; Opinion of July 3, 2002, Withdrawn;
Corrected Opinion filed August
22, 2002.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00240-CV

____________

 

IVO NABELEK, Appellant

 

V.

 

C.O. BRADFORD and CITY OF HOUSTON, Appellees

 



 

On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 1999-38380

 



 

C O R R E C T E D   O P I N I O N








This appeal arises from a dispute over the failure to return
property seized, but not used, as evidence in a criminal prosecution.  Appellant, Ivo Nabelek (“Nabelek”), sued the
City of Houston (the “City”), Houston Police Chief Clarence O. Bradford (“Bradford”),
and various other parties claiming damages for personal injury, conversion, and
violations of his constitutional rights. 
The trial court rendered summary judgment in favor of the City.  In numerous points of error, Nabelek contends
the trial court erred in: (1) denying his motion for summary judgment; (2)
granting summary judgment in favor of the City where genuine issues of material
fact existed and its motion therefor was untimely filed; (3) denying his motion
to compel response to discovery; (4) depriving him of sufficient and complete
discovery; and (5) disposing of all claims where summary judgment was purportedly
granted only for one defendant on limited claims.  We affirm.

Factual and Procedural Background

On February 17, 1993, Nabelek was arrested and charged with
aggravated sexual assault of a child and possession of child pornography.  At that time, various items of his property
were seized.  Nabelek later pled guilty,
and, on April 12, 1994, a trial was held to determine punishment.  Some, but not all, of the items seized were
used against Nabelek at that trial.  We
are here concerned with some of those items that went unused.[1]

It was not until January 10, 1997, that Nabelek inquired as
to the whereabouts of his property.  On
March 5, 1997, the Houston Police Department (AHPD@) erroneously informed Nabelek that
it had possession only of a teddy bear, and that his camera (and, apparently,
its accompanying accessories) had been “marked and sent to city inventory.”  Nabelek then filed suit against the City on
June 4, 1998, for the return of these particular items.








The remainder of the unused items were destroyed by the City
in 1998.  On July 26, 1999, Nabelek,
representing himself, filed the instant suit against the City and Bradford,[2]
seeking recovery for personal injury, conversion and violations of his
constitutional rights.  Thereafter, on
September 10, 1999, Nabelek moved to consolidate this suit with that
aforementioned, on the basis that “[b]oth cases arise
out of one incident involving the same parties,” and that he had limited his
original suit to the camera and teddy bear “only based on previous information
received from the [City] and [the] Houston Police Department.”  No ruling was made on this motion.

On July 24, 2000, Nabelek moved for summary judgment on the
issue of liability.  The City responded
and itself moved for summary judgment on the basis of governmental immunity and
the expiration of the statute of limitations. 
In a brief handwritten order, the trial court granted the City=s motion for summary judgment,
without specifying the grounds therefor, denied Nabelek=s 
motion for summary judgment, and denied all other relief on January 16,
2001.  This appeal ensued.

Standard of Review








The standard we follow in reviewing a summary judgment is
well-established. The movant for summary judgment has the burden to show that
no genuine issue of material fact exists and that he is entitled to judgment as
a matter of law.  Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548B49 (Tex. 1985).  When
deciding whether there is a disputed material fact issue precluding summary
judgment, we treat proof favorable to the non-movant as true and we resolve any
doubts in its favor.  Nixon, 690
S.W.2d at 548B49; Montgomery v. Kennedy, 669
S.W.2d 309, 311 (Tex. 1984).  A
defendant, as movant, is entitled to summary judgment if it either disproves at
least one essential element of each of the plaintiff=s causes of action or establishes all
the elements of an affirmative defense.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  When the trial court grants one party=s motion for summary judgment and
denies the other, we review both motions and if we find the trial court erred,
we will reverse and render the judgment the trial court should have
rendered.  Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999); Holmstrom,
26 S.W.3d at 530.

A Final Order

The
summary judgment upon which the trial court inscribed its order was brought in
the name of the City alone; Bradford, the sole remaining co-defendant, was not
named therein.   Moreover, the trial
court=s order did not expressly dispose of
Nabelek=s claims against Bradford.  The order stated, in pertinent part:

Plaintiff=s motion
for summary judgment is denied.  Defendants= motion for summary judgment is granted.  This is a final order.  All relief not granted is denied.

 

Nabelek now asserts that this judgment was not final for purposes of
appeal, and remand is therefore required “for further proceedings to address
the remaining claims and parties upon submission of new motions.”  We disagree.

The order expressly notes that it is “final” judgment, and it
apostrophized “Defendants=.”  It can thus only be
concluded that the trial court considered the arguments raised
in the City=s motion for summary judgment to
dispose also of all claims against Bradford. 
This conclusion is buttressed by reference to the record.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001) (“The
record may help illumine whether an order is made final by its own language, so
that an order that all parties appear to have treated as final may be final
despite some vagueness in the order itself . . .”).  Nabelek sought recovery against Bradford only
in his capacity as police chief, and only for the failure of HPD to return his
property.  Consequently, the City=s summary judgment assertions of
governmental immunity and expiration of the statute of limitations were, as the
trial court undoubtedly recognized, equally applicable to Bradford.  Thus, we conclude the trial court=s order rendered a final and
appealable judgment.

Limitations and the
Disposition of Unclaimed Property

As aforementioned, on July 26, 1999,
Nabelek filed the instant suit seeking recovery for personal injury,
conversion, and violations of his constitutional rights.[3]  The statute of limitations for all these
claims is two years.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a) (Vernon Supp. 2002) (A[A] person must bring suit for . . .
conversion of personal property, taking or detaining the personal property of
another, [and] personal injury . . . not later than two years after the day the
cause of action accrues@); Rotella v. Pederson,
144 F.3d 892, 897 (5th Cir. 1998) (stating that, as there is no federal statute
of limitations for civil rights actions brought pursuant to 42 U.S.C. ' 1983, courts construing that section
A>borrow= the forum state=s general personal injury limitations
period@). 
At issue is the date from which this period began to run.  Nabelek avers his claims accrued, at the
earliest, with the destruction of the items in 1998; Bradford and the City
contend the limitations period commenced on April 12, 1994, with the conclusion
of the criminal trial, or on March 5, 1997, “the date on which . . . [HPD]
exercised acts of dominion inconsistent with . . . Nabelek=s claims.”








The primary purpose of statutes of limitations is to compel
the exercise of a right of action within a reasonable time so that the opposing
party has a fair opportunity to defend while witnesses are available and the
evidence is fresh in their minds.  Wagner
& Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734B35 (Tex. 2001); S.V. v. R.V.,
933 S.W.2d 1, 3 (Tex. 1996); Willis v. Maverick, 760 S.W.2d 642, 644
(Tex. 1988).  Generally a cause of action
accrues when a wrongful act causes a legal injury, even if the fact of injury
is not discovered until later, and even if all resulting damages have not yet
occurred.  S.V., 933 S.W.2d at 3
(Tex. 1996); see also Li v. Univ. of Texas Health Sci.
Ctr. at Houston, 984 S.W.2d 647, 651 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  For claims relating to the
conversion of personal property where the original possession of the property
was not wrongful, however, the cause of action does not accrue until the
property has been demanded and such demand is refused, or until the party in
possession has unequivocally exercised acts of dominion inconsistent with the
claims of the owner.  Pierson v. GFH
Fin. Services Corp., 829 S.W.2d 311, 314 (Tex. App.CAustin 1992, no writ).

The
provision of the Texas Code of Criminal Procedure governing disposition of
abandoned or unclaimed property provides, in pertinent part: 

(a)       All
unclaimed or abandoned personal property of every kind . . . seized by any
peace officer in the State of Texas which is not held as evidence to be used in
any pending case and has not been ordered destroyed or returned to the person
entitled to possession of the same by a magistrate, which shall remain
unclaimed for a period of 30 days shall be delivered for disposition to a
person designated by the municipality or the purchasing agent of the county in
which the property was seized.  If a peace
officer of a municipality seizes the property, the peace officer shall deliver
the property to a person designated by the municipality.  If any other peace officer seizes the
property, the peace officer shall deliver the property to the purchasing agent
of the county.  If the county has no
purchasing agent, then such property shall be disposed of by the sheriff of the
county.

 

(b)             
The county
purchasing agent, the person designated by the municipality, or the sheriff of
the county, as the case may be, shall mail a notice to the last known address
of the owner of such property by certified mail.  Such notice shall describe the property being
held, give the name and address of the officer holding such property, and shall
state that if the owner does not claim such property within 90 days from the
date of the notice such property will be disposed of and the proceeds, after
deducting the reasonable expense of keeping such property and the costs of
disposition, placed in the treasury of the municipality or county giving the
notice.

 








Tex. Code Crim. Proc. Ann. art. 18.17 (Vernon Supp. 2002).  Thus, when Nabelek neglected to claim the
items at issue within thirty days following his conviction on April 12, 1994,
HPD was required to deliver them, within a reasonable time, to the proper party
for disposition.  See Govant v. Houston Cmty. Coll.
Sys., ___ S.W.3d ___, 2002 WL 58819, at *3 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(noting that where a statute does not provide a time within which a peace
officer shall accomplish a task, a reasonable time must be allowed).

HPD, however, indisputably failed to comply with the
requirements of article 18.17.  As a
consequence, the department=s possession became wrongful following a reasonable time for
delivery subsequent to May 12, 1994. 
Nabelek=s claims for personal injury and
violations of his constitutional rights thus accrued as of that date, and
expired two years= thereafter, in 1996. 
Nabelek, however, did not file suit until July 26, 1999.  Moreover, HPD acted inconsistently with
Nabelek=s ownership of the items at issue
when the department either initially failed to satisfy article 18.17, or, on
March 5, 1997, informed Nabelek by letter that HPD could not return his
property upon request.  The statute of
limitations for conversion, therefore, expired some two years subsequent to
March 1994 or March] 1997.  We need not
determine which date is applicable, as suit was filed outside the limitations
period in either case.  Accordingly,
Nabelek=s claims are barred by limitations.








Finally, we note that the discovery rule does not apply.  The discovery rule is “a very limited
exception to statutes of limitations,” available only when the nature of the
plaintiff=s injury is both inherently
undiscoverable and objectively verifiable. 
Computer Assocs. Int=l, Inc. v. Altai, Inc., 918 S.W.2d 453, 455 (Tex.
1996).  When the discovery rule applies,
it operates to delay accrual of the cause of action, and thus commencement of
the running of the statute of limitations, until a time when the plaintiff
knows, or by exercising reasonable diligence, should have known of the facts
giving rise to the claim.  Wagner
& Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734
(Tex. 2001).  “An injury is inherently
undiscoverable if it is, by its nature, unlikely to be discovered within the
prescribed limitations period despite due diligence.”  Id. 734B35 (citing S.V., 933 S.W.2d at
7).  The question of whether an injury is
Ainherently undiscoverable@ is not whether the particular
plaintiff was able to discover the injury at issue in the particular case
within the statutory period, but rather is whether the injury is the type of
injury that by its very nature falls into the category of being inherently
undiscoverable.  Id. at 735.

Here, however, Nabelek=s injury was, with the exercise of
reasonable diligence on his part, discoverable. 
The precise injury at issue was the failure of HPD to remit the
unclaimed items of property at issue to the relevant official for disposition
under article 18.17 within a reasonable time after the thirtieth day following
Nabelek=s trial.  While it is perhaps probable that a
reasonably diligent person whose property had been seized would not know of his
injury as of that date, we cannot say that he would continue to remain unaware
of that failure for a period of two years thereafter.  Nabelek undoubtedly knew both that the items
at issue were not in his possession within that period, and that there were a
limited number of entities which could have custody of them.  We cannot, therefore, say that any injury
occurring through the failure of a peace officer to satisfy article 18.17 is
inherently undiscoverable.  The discovery
rule thus does not apply.

Because we conclude Nabelek=s claims are barred by limitations,
we need not consider his remaining arguments. 
The judgment of the trial court is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Corrected Opinion filed August 22, 2002.

Panel consists of
Justices Anderson, Hudson, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Unfortunately,
the briefs presented to this Court are imprecise as to the particular items at
issue.  Nonetheless, we determine that
Nabelek seeks return of the following: 389 photographs; two address books; an
international driver=s license; a money purse; a roll of 8mm film; a check
book register; a book entitled AVirgins@; six
videotapes; a magazine entitled AThe
Naked Guy: A New Micro Culture@; an envelope containing photographic negatives; eight
file folders; six 35mm slides; an attaché case; a teddy bear; and all other
items not used at trial.  We note,
however, that the record does not make mention of a second stuffed animal, and
thus the teddy bear may be the subject of a separate suit filed June 4, 1998.





[2]  Harris County
District Clerk Charles Bacarisse and Judge Debbie Mantooth Stricklin were
later  named as defendants, but were
subsequently dismissed upon Nabelek=s
motion.  In addition, Nabelek moved for
leave, after the deadline to add new parties had expired, to file a Third
Amended Petition naming as a defendant the police officer who originally seized
his property.  Such leave was never
granted, however, and the officer was never served.  In addition, Nabelek avers HPD was named as a
defendant, but his Second Amended Petition omits their mention.  Accordingly, none of the foregoing are party
to this appeal.





[3]  Nabelek
describes his causes of action against Bradford and the City as follows:

Defendants,
pursuant to Texas Tort claims [sic] chapter 101.001 et seq. and 104,
[Texas Civil Practice and Remedies Code]; Texas Theft Liability Act, Chapter
134, [Texas Civil Practice and Remedies Code]; and 42 USC ' 1983, are liable for personal injuries, damages,
destruction and or deprivation of property and theft, violation of
constitutional rights, and etc., sustained by Plaintiff.