Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum Opinion filed March 30, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00613-CV

____________

 

CASTER DERRA
GOVANT,
Appellant

 

V.

 

HOUSTON COMMUNITY
COLLEGE SYSTEM and BOB HAYES, Appellees

 



 

On Appeal from the 157th
District Court

Harris County, Texas

Trial Court Cause No. 99-22174

 



 

M E M O R A N D U M   O P I N I O N








Caster Derra Govant (AGovant@) sued the Houston
Community College System (AHCCS@) and Bob Hayes (AHayes@) for negligence
and negligence per se.  The trial court
rendered summary judgment in favor of HCCS and Hayes.  We reversed the summary judgment as to Hayes
and remanded.[1]  The trial court again rendered summary
judgment in favor of Hayes.  In two
issues, Govant contends the trial court erred because (1) Hayes waived all
affirmative defenses not pled by the time of the first appeal, and (2) Hayes
was precluded from relitigating facts and issues already decided on
appeal.  We affirm.

PROCEDURAL BACKGROUND

The factual background of this case has
been detailed in our previous opinion.  See
Govant v. Houston Cmty. Coll. Sys., 72 S.W.3d 69, 71B72 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Because the
factual background is not relevant to this appeal, we will not repeat it here.

In our previous opinion, we held that
Hayes was not entitled to official immunity. 
Id. at 74.  We therefore
reversed the trial court=s grant of summary judgment in favor of
Hayes and remanded the case to the trial court. 
Id. at 76.

On remand, Hayes amended his answer to add
the defenses of the statute of limitations and contributory negligence.  

Govant filed a motion for partial summary
judgment arguing that in our previous opinion we decided that Hayes was liable
as a matter of law.  Hayes filed a
cross-motion for summary judgment arguing that Govant=s claim was barred
by the statute of limitations, that Hayes owed no duty to Govant, and that Govant
could not show causation.  The trial
court granted summary judgment in favor of Hayes.

ANALYSIS

I.        Affirmative
Defenses

In his first issue, Govant contends Hayes
waived all affirmative defenses not pleaded by the time of the first appeal
under the doctrines of res judicata and collateral estoppel.








Res judicata precludes the relitigation of
claims that have been finally adjudicated, or that arise out of the same
subject matter and could have been litigated in the prior action.  Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996).  It requires
proof of (1) a prior final judgment on the merits by a court of competent
jurisdiction, (2) the identity of parties or those in privity with them, and
(3) a second action based on the same claims as were raised or could have been
raised in the first action.  Id.

Collateral estoppel precludes the
relitigation of adjudicated essential facts. 
Welch v. Hrabar, 110 S.W.3d 601, 607 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied).  It requires
proof that (1) the facts sought to be litigated in the second action were fully
and fairly litigated in the first action, 
(2) those facts were essential to the judgment in the first action,  and (3) the parties were cast as adversaries
in the first action.  Sysco Food
Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994).

Contrary to Govant=s contention, a
case on remand is not a second action.  See
Steffan v. Steffan, 29 S.W.3d 627, 631 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (AAn appeal from a
prior or former proceeding is not a >subsequent action.=@).  Because the doctrines of res judicata and
collateral estoppel apply only to a second action, neither doctrine precludes
the amendment of pleadings on remand.  See
Amstadt, 919 S.W.2d at 652; Sysco, 890 S.W.2d at 801.  Hayes was thus entitled to amend his answer
to include additional affirmative defenses. 
See Hudson v. Wakefield, 711 S.W.2d 628, 630B31 (Tex. 1986); Tower
Contracting Co. v. Flores, 157 Tex. 297, 304, 302 S.W.2d 396, 400
(1957);  Creative Thinking Sources,
Inc. v. Creative Thinking, Inc., 74 S.W.3d 504, 511 (Tex. App.CCorpus Christi
2002, no pet.).  We overrule Govant=s first issue.

II.       Findings
of Law and Fact

In his second issue, Govant contends that
Hayes is precluded from relitigating facts and issues already decided on
appeal.  Govant contends we Aadjudicated that
[Hayes] had a ministerial duty, that he breached that duty, that his conduct
was the cause of the breach and that [Hayes] violated the applicable statutes.@  In support of his position, Govant cites language
in our opinion that, 

Hayes, however, did not file or
provide a copy of the Report with TCLEOSE until some five months later, on
February 5, 1997.  We find, in this
context, that five months is not a reasonable period of time.  Accordingly, Hayes failed to satisfy the
requirements of section 1701.452(a).








. . .

Hayes was under a ministerial duty
to provide Govant a copy of the Report, and the record is bereft of any
evidence that he ever satisfied this duty.

Govant, 72 S.W.3d at 73B74.

None of the issues that Govant contends we
adjudicated were properly before us on appeal. 
The only issues before us were (1) whether affidavits offered by Hayes
and HCCS were competent, (2) whether Hayes was entitled to official immunity,
and (3) whether there were genuine issues of material fact as to Govant=s equal protection
and due process causes of action.  Id.
at 71.

Any conclusions of law made in our
previous opinion were subject to change based on additional evidence.  A[W]hen in the
second trial or proceeding, one or both of the parties amend their pleadings,
it may be that the issues or facts have sufficiently changed so that the law of
the case no longer applies.@  Creative Thinking Sources, 74 S.W.3d
at 511.  The language of our previous
opinion acknowledges that our determination was limited by the facts and issues
before us: AWe find, in this context . . . .@; A[T]he record is
bereft of any evidence . . . .@  Govant, 72 S.W.3d at 73B74.  Hayes was entitled to amend his pleadings or
introduce additional evidence such that our previous opinion was no longer
binding.








Nor would any findings of fact we
supposedly made be binding on the trial court. 
First, as an appellate court we lack the authority to make original
findings of fact; we can only Aunfind@ facts.  Bellefonte Underwriters Ins. Co. v. Brown,
704 S.W.2d 742, 744B45 (Tex. 1986); Ponce v. Sandoval,
68 S.W.3d 799, 809 (Tex. App.CAmarillo 2001, no
pet.).  Second, the record was incomplete
because we considered only a limited appeal from a summary judgment.  See Governing Bd. v. Pannill,
659 S.W.2d 670, 680B81 (Tex. 1983) (noting that a record
presented after a trial on the merits Adiffers in a very
material sense@ from a record presented on a summary
judgment).  Third, because we were
reviewing a grant of summary judgment, we were required to view all the
evidence in the light most favorable to the nonmovant, a requirement not
imposed on a neutral fact-finder.  See
Hudson, 711 S.W.2d at 631.

Our mandate and opinion also did not limit
the trial court to merely a determination of damages.  We limited the trial court on remand only to Afurther
proceedings consistent with [our] opinion.@  Govant, 73 S.W.3d at 76.  For the reasons explained above, none of the
trial court=s actions were inconsistent with our
opinion.  We overrule Govant=s second issue.

We affirm the judgment of the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed March 30, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Guzman.











[1]  We affirmed
the summary judgment dismissing the claims against HCCS, so HCCS is not a party
to this appeal.