

NUMBER 13-11-00068-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS STATE BOARD OF NURSING,                                    Appellants,

v.

BERNARDINO PEDRAZA JR.,                                           Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Benavides**

The Texas State Board of Nursing ("the Board") appeals the trial court's denial of

its plea to the jurisdiction over claims raised by appellee Bernardino Pedraza.   By two

issues, the Board asserts that:    (1) the trial court did not have subject matter jurisdiction

to stay enforcement of the Board's order to revoke Pedraza's nursing license because

Pedraza failed to exhaust his administrative remedies; and (2) even if the trial court acquired jurisdiction over Pedraza's claims, the trial court's review is limited to the substantial evidence standard of review. We reverse and render in part, and reverse and remand in part.

## I.    BACKGROUND

After a contested hearing before an administrative law judge, the administrative law judge submitted a "Proposal for Decision" to the Board and proposed that the Board suspend Pedraza's vocational nursing license for a fully-probated period of two years. The Board declined the proposal, *see* TEX. GOV'T CODE ANN. § 2001.058 (West 2008), and chose instead to revoke Pedraza's vocational nursing license. The Board took this action on July 23, 2010, after concluding that Pedraza:

> engaged in unprofessional conduct and violated the minimum standards of nursing practice by failing to recognize and maintain professional boundaries of the nurse-client relationship. . . .

*See* 22 TEX. ADMIN. CODE § 217.12(6)(C)–(E) (2012) (Tex. Bd. of Nursing).

On August 12, 2010, Pedraza filed a motion for rehearing with the Board. The same day, Pedraza also filed an original petition and application for injunctive relief in Hidalgo County district court seeking a review of the Board's decision through a trial de novo as well as a stay pending review. In addition to seeking review of the Board's decision, Pedraza asserted additional claims of due process violations as well as defamation.

On October 11, 2010, the Board answered and filed a plea to the jurisdiction in the district court case. In the plea, the Board asserted that Pedraza did not exhaust his administrative remedies before filing his petition because Pedraza's motion for rehearing

2

was still pending before the Board and was not final for purposes of appeal. The trial court nonetheless granted Pedraza's motion to stay and enjoined the Board from revoking his license. The trial court also set Pedraza's claims for trial. On January 27, 2011, the trial court denied the Board's plea to the jurisdiction. This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008).[1]

## II.    PLEA TO THE JURISDICTION

In its first issue, the Board contends that the trial court erred when it denied the Board's plea to the jurisdiction because the trial court lacked subject matter jurisdiction to stay enforcement of the Board's order to revoke Pedraza's license to practice nursing.

## A.    Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action for lack of subject-matter jurisdiction and without regard to whether the claims asserted have merit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject-matter jurisdiction is essential to a court's power to decide a case, and the question of whether a trial court has subject-matter jurisdiction is a question of law decided de novo. *See Sykes*, 136 S.W.3d at 638; *Blue*, 34 S.W.3d at 554.

When a plea to the jurisdiction challenges a plaintiff's pleadings, we determine whether the pleading has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Tex. Dep't. of Parks and Wildlife v. Miranda*, 133

---

[1] We note that the Board filed a previous notice of accelerated appeal in this case on December 15, 2010; however, the Board filed an amended notice of accelerated appeal on February 1, 2011, following the trial court's denial of the Board's plea to the jurisdiction.

3

S.W.3d 217, 226 (Tex. 2004).   We construe the pleadings liberally in favor of the pleader and look to the pleader's intent.   *Id.*   If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend.   *Id.* at 226–27; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).   However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.   *Miranda*, 133 S.W.3d at 227.

## B.   Pedraza's Petition for Judicial Review

### 1.  Applicability of Administrative Procedures Act

As a threshold matter, we must determine what pertinent procedural scheme applies to this case.   The Board argues that the Administrative Procedures Act (APA) applies, *see* TEX. GOV'T CODE ANN. Chapter 2001 (West 2008), while Pedraza argues that procedures under the Nursing Practice Act apply.   *See* TEX. OCC. CODE ANN. § 301.151 (West 2004).   Based on our review, we conclude that the disciplinary action instituted against Pedraza was subject to the procedures set forth in the APA.   *See id.* §§ 301.459, .511 (West 2004) (stating that an administrative proceeding brought under the Nursing Practice Act is subject to the APA).   Accordingly, we will conduct our analysis pursuant to the APA, unless otherwise specified.

### 2.  Pedraza's Petition for Judicial Review

Under the APA, a timely motion for rehearing is a pre-requisite to appeal an agency's decision in a contested case.   *See* TEX. GOV'T CODE ANN. § 2001.145(a) (West

4

2008).   A motion for rehearing in a contested case is timely if it is filed no later than twenty days after a party is notified of a decision that may become final.   *See id.* § 2001.146(a) (West 2008).   Once a timely motion for rehearing is filed, the decision in a contested case becomes final on the date that:   (1) the order overruling the motion for rehearing is rendered; or (2) the motion is overruled by operation of law.   *See id.* § 2001.144(a)(2) (West 2008).   An agency must act on a party's motion for rehearing no later than forty-five days after the date on which the party is notified of the agency's decision, or the motion for rehearing is overruled by operation of law.   *See id.* § 2001.146(c).   Only a party who has "exhausted all administrative remedies available within a state agency" and has been "aggrieved by a final decision in a contested case" is entitled to judicial review.   *See id.* § 2001.171 (West 2008).   Finally, a party must file a petition initiating judicial review no later than thirty days after the agency's decision becomes final and appealable.   *See id.* § 2001.176(a) (West 2008).[2]

Pedraza filed a timely motion for rehearing on August 12, 2010, within twenty days of the Board's decision.   The Board did not rule on Pedraza's motion for rehearing; therefore, the Board's decision to revoke Pedraza's license did not become a final and appealable decision ripe for judicial review until September 6, 2010, which is forty-five days after Pedraza was notified of the revocation, and the date which Pedraza's motion for rehearing was overruled by operation of law.   Rather than wait until September 6, 2010—or within thirty days thereafter—to file his petition for judicial review, Pedraza filed

---

[2] Section 2001.176 states that the petition for judicial review must be filed in a Travis County district court, unless otherwise provided by statute.   TEX. GOV'T CODE ANN. § 2001.176(b)(1) (West 2008).   More specifically, the Nursing Practice Act allows an aggrieved party against whom the Board has taken an adverse action to appeal to a Travis County district court or to a district court in the county of the aggrieved party's residence.   *See* TEX. OCC. CODE ANN. § 301.555(a) (West 2004).   In this case, Pedraza chose to file his petition in Hidalgo County, where he resides.

5

his petition prematurely on August 12, 2010.

Therefore, our next inquiry turns to whether Pedraza's premature filing rendered the trial court without subject matter jurisdiction to address it, as the Board contends. Under the APA, an aggrieved party may not seek judicial review until the party has exhausted administrative remedies and the agency's decision is final and appealable. *See* TEX. GOV'T CODE ANN. § 2001.171. Here, Pedraza's administrative appeal was not ripe for judicial review at the time it was filed because the Board's decision was not final and appealable at that time. The Texas Supreme Court held under the APA's predecessor statute that exhaustion of administrative remedies "is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties." *Lindsay v. Sterling*, 690 S.W.2d 560, 563–64 (Tex. 1985). This holding was also adopted in a recent decision from the Austin Court of Appeals involving similar facts to the case at bar. *See Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 567 (Tex. App.—Austin 2008, pet. denied). In *Marble Falls*, a party filed suit seeking judicial review of an administrative decision while a motion for rehearing was still pending. *See* 275 S.W.3d at 560–61. The Austin Court upheld the trial court's grant of the plea to the jurisdiction and concluded that judicial review of an administrative decision is granted only by statute and only when a party has satisfied the APA's full administrative process. *Id.* at 567–68.

We find *Marble Falls* indistinguishable from the present case and likewise follow the holding in *Lindsay*. Pedraza's failure to exhaust his administrative remedies rendered the trial court without jurisdiction to act on his administrative appeal, and this defect was incurable. *See Lindsay*, 690 S.W.2d at 563–64; *Marble Falls*, 275 S.W.3d at

6

567–68. Therefore, the trial court erred by failing to grant the Board's plea to the jurisdiction and failing to dismiss Pedraza's petition for judicial review.

## C. Pedraza's Remaining Claims[3]

Despite our conclusion that the trial court was without jurisdiction to address Pedraza's petition for judicial review, we now examine whether the trial court had jurisdiction to address Pedraza's remaining claims of due process violations and defamation.

The Board argues that the trial court lacks subject matter jurisdiction to address Pedraza's claims of due process violations and defamation. Pedraza disagrees and requests that we remand those claims to the trial court for further proceedings. As a general rule:

> [i]f a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured.

*Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001). In *Fodge*, the Texas Supreme Court held that some of a party's common law and statutory causes of action should be abated for further proceedings with the Texas Workers' Compensation Commission's exclusive jurisdiction first, in order to cure the trial court's lack of subject matter jurisdiction. *See id.*; *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 228 (Tex. 2002) (remanding to the trial court with instructions to abate its

---

[3] The Board contends that (1) the trial court is also without subject-matter jurisdiction to hear Pedraza's remaining claims and (2) that these jurisdictional arguments may be raised for the first time on appeal. We agree. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) ("Because subject matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may be raised for the first time on appeal."). Accordingly, we will address the Board's additional jurisdictional challenges to Pedraza's other claims.

proceedings until party exhausted administrative remedies with regard to statutory and common-law causes of action to obtain final agency findings that support those claims).

### a. Due Process Claim

The Board argues that Pedraza's due process claims are essentially derivative of his petition for judicial review and should be dismissed for lack of subject-matter jurisdiction. We disagree.

In his pleadings, Pedraza asserts that the Board's revocation of his nursing license was "retaliatory in nature" and a violation of his right to procedural due process by interfering with his property rights and vocational nursing license. Pedraza does not allege, however, what specific property right or interest, if any, is involved, and what process is due. *See City of Dallas v. Saucedo-Falls*, 268 S.W.3d 653, 663–64 (Tex. App.—Dallas 2008, pet denied) (reversing trial court's denial of a plea to the jurisdiction on a party's due process claim against the City of Dallas and remanding to the trial court for further proceedings because the party did not plead what process they were due). Based on our review of Pedraza's pleadings, he does not affirmatively invoke the trial court's jurisdiction over this particular claim. However, Pedraza's pleadings also do not affirmatively demonstrate incurable defects in jurisdiction. *See Miranda*, 133 S.W.3d at 226–27. The trial court must therefore give Pedraza an opportunity to replead and cure the pleading defect in his due process claim to demonstrate the trial court's jurisdiction. *See id.*; *Saucedo-Falls*, 268 S.W.3d at 664.

### b. Defamation

The Board also argues that the trial court is without jurisdiction to hear Pedraza's claim for defamation because the Board is shielded under the doctrine of sovereign

immunity.   We agree.

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit.   *Miranda*, 133 S.W.3d at 224.   The Texas Tort Claims Act provides a limited waiver of sovereign immunity to "governmental units" within the State of Texas.   *See id*; TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2011).[4] Therefore, the Board is immune from suit unless the Tort Claims Act expressly waives immunity.   *See Miranda*, 133 S.W.3d at 224–25.   The Tort Claims Act expressly waives sovereign immunity in three areas:   use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property.   *Id.* at 225; TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).

Pedraza's defamation cause of action is a tort in which a plaintiff must prove that the defendant:   (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement.   *See WFAA-TV v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Because immunity is not waived for the tort of defamation under the Tort Claims Act, the Board is immune from suit under the doctrine of sovereign immunity.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *Miranda*, 133 S.W.3d at 224.   Accordingly, the trial court is deprived of subject matter jurisdiction to hear Pedraza's defamation claim.   *See*

---

[4] A "governmental unit" is partially defined as "all departments, bureaus, boards, commissions, offices, agencies, councils, and courts" that collectively constitute the government of this state.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(A) (West 2011).   Because the Texas Board of Nursing is a board created by statute with rulemaking authority to regulate the practice of professional and vocational nursing, *see* TEX. OCC. CODE ANN. § 301.151 (West 2004), we conclude that it is a "governmental unit" for purposes of the Texas Tort Claims Act.

9

*id.*

In summary, we sustain the Board's first issue and conclude that the trial court erred in failing to grant the Board's plea to the jurisdiction and order dismissal with regard to Pedraza's petition for judicial review. With regard to the remaining claims: (1) Pedraza must be given an opportunity to replead his due process claim to demonstrate that the trial court has jurisdiction to hear it; and (2) Pedraza's defamation claim should be dismissed under the doctrine of sovereign immunity.[5]

### III.    CONCLUSION

We reverse the trial court's denial of the Board's plea to the jurisdiction over Pedraza's petition for judicial review, and we render judgment dismissing the petition for judicial review and claim for defamation. We affirm the remainder of the judgment and remand to the trial court to allow Pedraza an opportunity to amend his pleadings and demonstrate the trial court's jurisdiction with respect to this due process claim.

_____\
GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of August, 2012.

---

[5] Because we have sustained the Board's first issue, we need not address the Board's second issue. *See* TEX. R. APP. P. 47.1.